KENNARD, J., Dissenting.
Code of Civil Procedure section 2024, subdivision (a) (hereafter section 2024(a); all further statutory references are to *256 the Code of Civil Procedure), provides: “[A]ny party shall be entitled as a matter of right to complete discovery proceedings on or before the 30th day . . . before the date initially set for the trial of the action.” (Italics added.) If the trial court grants a new trial motion or if the judgment is reversed on appeal, does this provision reopen discovery as a matter of right? The majority holds it does. This conclusion is contrary to both the plain language of the statutory provision and the policy considerations underlying the provision. Therefore, I dissent.
I
This is an action for breach of the covenant of good faith and fair dealing against defendant Fairmont Insurance Company (Fairmont), a workers’ compensation insurer, which denied insurance coverage to plaintiffs. The trial court entered judgment for Fairmont. The Court of Appeal reversed the judgment and remanded for further proceedings. Plaintiffs then served new discovery requests on Fairmont. Fairmont objected to the discovery as untimely and plaintiffs moved to compel.
Citing Beverly Hospital v. Superior Court (1993) 19 Cal.App.4th 1289 [24 Cal.Rptr.2d 238], the trial court ruled that the remand had the effect of reopening discovery and granted the motion to compel. Defendant Fairmont sought review by petitioning for a writ of mandate. The Court of Appeal granted the writ, holding that a reversal and remand for a new trial did not reopen discovery as a matter of right. It remanded the case so that plaintiffs could attempt to show good cause for reopening discovery.
II
Section 2024(a) provides that a party’s entitlement to conduct discovery as a matter of right ends before the date initially set for trial. Its language is clear: “[A]ny party shall be entitled as a matter of right to complete discovery proceedings on or before the 30th day . . . before the date initially set for the trial of the action.” Nevertheless, the majority finds ambiguity in this straightforward language, asserting: “[Although it is plausible to construe the statute as referring to the ‘first’ or ‘beginning’ date set for the original trial, it is also plausible, and more in accord with the plain language of the statute, to construe the statute as also referring to the ‘first’ or ‘beginning’ date set for the actual trial scheduled in the action after a mistrial, an order granting a new trial, or remand for a new trial after reversal on appeal.” (Maj. opn., ante, at p. 250.) In the majority’s view, each time an action is retried, the first date set for retrial is a new “date initially set for the trial.”
*257 I disagree. As the Court of Appeal here noted, the plain meaning of “initially” is “at the beginning; at first.” The plain meaning of “date initially set for the trial” as used in section 2024(a) is a single and unique date, the date first set for trial of the action. There is only one date on which an action is initially set for trial, no matter how many continuances, postponements, or retrials may ultimately occur. Section 2024(a)’s use of the term “initially” removes, rather than creates, any ambiguity about the section’s application to cases in which multiple trial dates occur. Had the Legislature intended the meaning that the majority ascribes to the section, it could have easily expressed that meaning by having the section read, “the date initially set for the trial or retrial
Lending further support for my conclusion is subdivision (e) of the same statute, section 2024, which states in part: “On motion of any party, the court may grant leave ... to reopen discovery after a new trial date has been set.” Because a reversal on appeal or the grant of a new trial motion may result in the setting of a new trial date, subdivision (e) unambiguously encompasses those categories of new trial dates as well as new trial dates resulting from continuances or postponements. If, as the majority insists, the Legislature intended discovery to reopen as a matter of right whenever a matter is reset for trial after an appeal or the grant of a new trial motion, surely the Legislature would have narrowed subdivision (e) to read: “On motion of any party, the court may grant leave ... to reopen discovery after a continuance or postponement of the trial date.” By instead making subdivision (e) broadly applicable whenever a new trial date has been set, the Legislature demonstrated its intent that subdivision (e) apply to retrials after a reversal on appeal or the grant of a new trial motion.
For this reason, another of the majority’s arguments lacks force as well. Section 2024(a) states in its final sentence: “Except as provided in subdivision (e), a continuance or postponement of the trial date does not operate to reopen discovery proceedings.” According to the majority, this language supports its view that a party must bring a motion to reopen discovery only when there is a continuance or postponement, and not when there is a retrial because-of a reversal on appeal or the grant of a new trial motion. But no language in subdivision (e) parallels the final sentence of section 2024(a) and restricts subdivision (e)’s application only to continuances and postponements; instead, subdivision (e) applies broadly whenever a new trial date has been set. Thus, the final sentence of section 2024(a) is not the measure of the scope of subdivision (e)’s requirement that discovery may only be reopened by motion and court order.
Policy considerations also weigh against the majority’s position. The purpose of discovery cutoffs is to force parties to concentrate their energies *258 efficiently and expeditiously on discovering relevant evidence. Each party must complete the discovery necessary to prepare its case no later than 30 days before the initial trial date. If a new trial date is set after a reversal on appeal or the grant of a new trial motion, there is no sound reason to give a party dissatisfied with the results of its first round of discovery another chance and allow it as a matter of right to start wide-open discovery all over again. To do so will not only needlessly subject the other parties to the burdens and expense of another round of discovery, but it will also waste scarce judicial resources in deciding the discovery motions that will inevitably arise. Discovery before the first trial should be the main event, not just a preliminary bout to be renewed without limit after a reversal on appeal or grant of a new trial motion.
Attempting to articulate a policy reason supporting its holding, the majority asserts: “In the typical case, when a new trial is required, the nature and scope of the issues will have been affected, requiring substantial investigation of new points or issues that were not adequately addressed in the original proceedings.” (Maj. opn., ante, at p. 253.) To the contrary, most appeals involve legal, not factual issues. If a party has adequately raised and preserved its legal issues below, it will have or should have done the discovery necessary to uncover the facts supporting those legal issues. Moreover, appeals frequently involve cases disposed of by dismissal or summary judgment before trial. In many of these cases, the initial discovery period will never have run because no trial date will ever have been set.
If the decision on appeal so radically changes the legal landscape of the case as to render inadequate the discovery previously conducted, or if the claim was dismissed before any discovery occurred, there will be good cause under subdivision (e) of section 2024 for the trial court to reopen discovery. In addition, under subdivision (f) of section 2024 the parties can agree after remand “to reopen discovery after a new date for trial of the action has been set.” If there truly is a new factual issue in the case as a result of the appeal, it is likely that neither party will have conducted discovery on the issue, which could lead to a mutually agreed reopening of discovery focused solely on the new issue.
In a similar vein, the majority asserts that “[r]eopening discovery may serve to clarify facts and eliminate gaps in the evidence that resulted in the need for a new trial in the first place.” (Maj. opn., ante, at p. 253.) But “gaps in the evidence” are not a basis for a new trial; a party’s failure during the original discovery period to gather the necessary evidence is not good cause for reopening discovery after reversal or the grant of a new trial, much less support for a blanket rule that in all retrials discovery reopens as a matter of right.
*259 Nor is there any reason to believe that trial courts find the statutory scheme, under which reopening discovery is a matter committed to their discretion, extraordinarily burdensome. In many cases, there will be no good reason to reopen discovery and no party will move to do so. If a party does move to reopen discovery, the trial court will need to decide only whether there are circumstances that as a general matter justify reopening discovery in the case, and it need not decide on the propriety of any specific discovery request. Moreover, by making discovery available as a matter of right, the majority’s holding will actually increase the universe of potential discovery motions faced by the trial courts. In every case subject to retrial, courts will now be faced with the possibility of motions seeking to compel or oppose discovery responses. By contrast, if discovery after retrial reopened only if ordered by the court, such motions to compel or oppose discovery could arise only in the subset of cases in which the court had ordered further discovery to occur.
Finally, the majority’s rule will discourage expeditious settlements after appeal in cases in which a trial has already been conducted. After a reversal on appeal a party generally knows both its own and the opposing party’s evidence, as well as the reaction of the trier of fact to that evidence. This information often enables the parties to anticipate the result on retrial, thus encouraging settlement. Allowing new and unlimited discovery discourages settlement because it changes the evidentiary base on which the retrial will proceed and increases the uncertainty of anticipating what evidence the opposing party will present on retrial and how the trier of fact will react to that evidence.
Conclusion
I would affirm the judgment of the Court of Appeal.
Werdegar, J., concurred.